No. 15-14151-AA

In the
United States Court of Appeals
for the Eleventh Circuit

MICHAEL PROZER, III,
*Movant-Appellant,*

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NOS. 8:14-CV-1347-T-33EAJ & 8:11-CR-202-T-33EAJ-1

**BRIEF OF THE UNITED STATES**

A. LEE BENTLEY, III
United States Attorney

LINDA JULIN MCNAMARA
Assistant United States Attorney
Deputy Chief, Appellate Division

PETER J. SHOLL
Assistant United States Attorney
Appellate Division
USA No. 082
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

February 22, 2017

# Certificate of Interested Persons
# and Corporate Disclosure Statement

In addition to the persons and entities identified in the certificate of interested persons and corporate disclosure statement in Michael Prozer III's principal brief, the following persons and entities have an interest in the outcome of this case:

1. Bentley, A. Lee, III, United States Attorney;

2. Brod, Sherman Martin, Esq.;

3. Cream, Anita M., Assistant United States Attorney;

4. Federal Deposit Insurance Corporation (FDIC), victim;

5. Gold, I. Randall, former Assistant United States Attorney;

6. Kaiser, Amanda C., Assistant United States Attorney;

7. Lee, Laurel Moore, former Assistant United States Attorney;

8. McNamara, Linda Julin, Assistant United States Attorney, Deputy Chief, Appellate Division;

9. Park Avenue Bank (former) (ticker symbol PABK), victim;

10. Prozer, Barbara, interested party;

11. Prozer, Mike, interested party;

12. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

13. Rothstein-Youakim, Susan H., former Assistant United States Attorney; and

14. Sholl, Peter J., Assistant United States Attorney.

## Statement Regarding Oral Argument

The United States does not request oral argument.

i

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement..........C-1

Statement Regarding Oral Argument ............................................................... i

Table of Contents ................................................................................................ ii

Table of Citations .............................................................................................. iii

Statement of Jurisdiction ................................................................................... v

Statement of the Issue........................................................................................ 1

Statement of the Case ........................................................................................ 1

    *Course of Proceedings* ................................................................................ 1

    *Statement of the Facts*................................................................................ 5

    *Standard of Review* .................................................................................... 5

Summary of the Argument ................................................................................ 5

Argument and Citations of Authority ............................................................... 6

    The District Court violated *Clisby* when it failed to adequately address Prozer's constitutional claim that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger. ................................... 6

Conclusion........................................................................................................ 10

Certificate of Service

# Table of Citations

**Cases**

**Adinolfe v. United Technologies Corp.*,
   768 F.3d 1161 (11th Cir. 2014) ................................................................. 7

**Clisby v. Jones*,
   960 F.2d 925 (11th Cir. 1992) (en banc) ............................................ 1, 5–8

*Dupree v. Warden*,
   715 F.3d 1295 (11th Cir. 2013) ................................................................. 5

*Hillary v. Sec'y, Dept. of Corr.*,
   294 F. App'x 569 (11th Cir. 2008) ............................................................. 8

**Murray v. United States*,
   145 F.3d 1249 (11th Cir. 1998) ................................................................. 5

*Rhode v. United States*,
   583 F.3d 1289 (11th Cir. 2009) .............................................................. 6, 7

*Strickland v. Washington*,
   466 U.S. 668 (1984) ................................................................................... 6

*Termitus v. Sec'y, Fla. Dept. of Corr.*,
   No. 15-10004, 2016 WL 3439013 (11th Cir. June 23, 2016) .................... 7

*Turner v. Burnside*,
   541 F.3d 1077 (11th Cir. 2008) ................................................................. 9

*United States v. Prozer*,
   544 F. App'x 844 (11th Cir. 2013) ............................................................. 2

**Rules**

Fed. R. App. P. 4(a) ........................................................................................ v

Fed. R. App. P. 10(a) ...................................................................................... 9

**Statutes**

28 U.S.C. § 1291 ................................................................................................... v

28 U.S.C. § 1331 ................................................................................................... v

28 U.S.C. § 2253(c) .............................................................................................. v

28 U.S.C. § 2255 ......................................................................................... *passim*

## Statement of Jurisdiction

This is an appeal from a final order and judgment of the United States District Court for the Middle District of Florida denying Michael Prozer III's 28 U.S.C. § 2255 motion. Docs. 81, 82.[1] That court had jurisdiction. *See* 28 U.S.C. § 1331. The court entered its order and judgment on September 2, 2015, Doc. 82, and Prozer timely filed his notice of appeal on September 15, 2015, Doc. 86. *See* Fed. R. App. P. 4(a). A judge of this Court granted a certificate of appealability on the issue addressed in this brief. Doc. 93 at 7; *see* 28 U.S.C. § 2253(c). This Court has jurisdiction over this appeal. *See* 28 U.S.C. § 1291.

---

[1]This brief cites the district court's dockets in Prozer's 28 U.S.C. § 2255 proceeding (M.D. Fla. Case No. 8:14-cv-1347) and in his underlying criminal case (M.D. Fla. Case No. 8:11-cr-202). Unless otherwise indicated, all citations to the record refer to the docket in Prozer's section 2255 proceeding. (The docket in the underlying criminal case will be cited as "Crim. Doc.")

## Statement of the Issue

This Court issued a certificate of appealability on the following issue:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Mr. Prozer's claims that counsel was ineffective for (1) not filing any pretrial motions, including a motion to recuse Postal Inspector Douglas Smith, and (2) not subpoenaing text messages between Mr. Prozer and Lori Krueger.

Doc. 93 at 7.

## Statement of the Case

In this appeal, Prozer challenges the district court's denial of his 28 U.S.C. § 2255 motion. This Court issued a certificate of appealability that allowed Prozer to brief only the question whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address two of his ineffective-assistance-of-counsel claims.

### *Course of Proceedings*

In 2012, Prozer was convicted of fraud offenses based on a scheme in which he and others had fraudulently obtained a loan of almost $3 million from a federally insured financial institution. Doc. 102 at 1–2; Crim. Docs. 105, 175, 177. The district court sentenced him to serve 102 months in prison, Crim. Docs. 175, 177, and this Court affirmed his conviction and sentence,

1

Crim. Docs. 230, 232; *see United States v. Prozer*, 544 F. App'x 844 (11th Cir. 2013).

In June 2014, Prozer filed the 28 U.S.C. § 2255 motion that is the subject of this appeal. Docs. 1, 2, 86; Crim. Doc. 233. He asserted that the United States had engaged in several types of misconduct during the criminal investigation and prosecution. Doc. 1 at 6; Doc. 2 at 13–29. Among his claims was that the United States had concealed a purported conflict of interest between Prozer and Postal Inspector Douglas Smith, one of the federal investigators involved in this case, because both men had been involved with a woman named Lori Krueger. Doc. 1 at 6; Doc. 2 at 13–17, 26–29. According to Prozer, Smith should have recused himself because he had had a "romantic relationship" with Krueger, because Prozer had had a "friendship" with Krueger that had involved "sexually flirtatious text messages and phone calls" and "risque text photos," and because Smith had engaged in a malicious investigation and prosecution to "pacify his vindictive rage" due to Prozer's relationship with Krueger. Doc. 2 at 13–17, 26–29 (quotations at 13). Prozer also asserted that his trial counsel had rendered ineffective assistance in various ways, Doc. 1 at 8; Doc. 2 at 30–56, including by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages

2

between Prozer and Krueger, Doc. 2 at 32, 36–37, 39. Finally, Prozer asserted that the district court had lacked jurisdiction over his criminal case. Doc. 1 at 5; Doc. 2 at 5–12.

The district court denied Prozer's claims that it had lacked jurisdiction over his criminal case and that the United States had engaged in misconduct during the criminal investigation and prosecution. Doc. 61 at 1, 4–10. As to the misconduct claim, the court determined that Prozer had procedurally defaulted that claim by failing to raise it on direct appeal, *id.* at 4–7, and that, in any event, the misconduct claim lacked merit because Prozer had failed to demonstrate that the issues raised in that claim had had a material impact on his prosecution or sentencing, *id.* at 7–10. Nevertheless, the court appointed new counsel to represent Prozer in connection with his ineffective-assistance claim and scheduled an evidentiary hearing regarding that claim. *Id.* at 1, 10–11.

After the evidentiary hearing, *see* Docs. 69–71, 73, the United States and Prozer's section 2255 counsel submitted their proposed findings of fact and conclusions of law, Docs. 77, 78. Prozer subsequently filed a pro se motion asserting that the proposed findings of fact and conclusions of law filed by his section 2255 counsel had failed to properly articulate his section 2255 claims and that the section 2255 proceeding had been tainted by fraud. Doc. 80. In

that motion, Prozer asked the court to relieve his section 2255 counsel, to allow him to proceed pro se, to strike his 2255 counsel's proposed findings of fact and conclusions of law, and to allow him to "recast" those proposed findings and conclusions. *Id.*

The district court denied Prozer's section 2255 motion and entered judgment in favor of the United States. Docs. 81, 82. It determined that the evidence demonstrated that trial counsel's performance had been more than adequate. Doc. 81 at 1. It also determined that Prozer had failed to establish that no competent counsel would have taken the actions taken by his trial counsel. *Id.* Finally, it determined that Prozer had failed to demonstrate both that his trial counsel's performance had been deficient and that he had been prejudiced by the purported deficient performance. *Id.* at 1, 19. But it did not specifically address Prozer's claims that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger. *See id.* at 1–19. The court also denied the motions that Prozer had filed after the evidentiary hearing. *Id.* at 19–21.

Prozer then filed this appeal, Doc. 86, and this Court issued a certificate of appealability regarding the issue addressed in this brief, Doc. 93 at 7.

## *Statement of the Facts*

The pertinent facts are set forth in the Course of Proceedings.

## *Standard of Review*

This Court should consider only the issue specified in this Court's certificate of appealability, *see Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998), and should review de novo the legal question whether the district court violated the rule announced in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address the ineffective-assistance-of-counsel claims specified in that certificate, *see Dupree v. Warden*, 715 F.3d 1295, 1298–1300 (11th Cir. 2013).

## Summary of the Argument

The United States concedes that the district court violated *Clisby* when it failed to adequately address Prozer's properly raised constitutional claims that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger. Therefore, this Court should vacate the district court's judgment without prejudice and remand this case so that the district court may address those claims.

## Argument and Citations of Authority

**The District Court violated *Clisby* when it failed to adequately address Prozer's constitutional claim that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger.**

In *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), this Court exercised its supervisory power and instructed district courts to "resolve all claims for relief raised in a petition for writ of habeas corpus …, regardless whether habeas relief is granted or denied." *Clisby* applies to 28 U.S.C. § 2255 proceedings. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). A claim for relief is any allegation of a constitutional violation. *Clisby*, 960 F.2d at 936. Ineffective assistance of counsel is a violation of a defendant's Sixth Amendment rights and, therefore, is a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). This Court will not consider an unresolved habeas claim in the first instance on appeal. *Clisby*, 960 F.2d at 935. Therefore, if a district court does not follow *Clisby*, this Court "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

In his brief at 6–39, Prozer identifies numerous pretrial motions that he contends should have been filed by his trial counsel. Most of those motions

6

were not raised by Prozer during the section 2255 proceeding, *see* Docs. 1, 2, 2-1, 41, 41-1, 42; Doc. 73 at 8–85, 169–73, so this Court should not consider them, *see Adinolfe v. United Technologies Corp.*, 768 F.3d 1161, 1172 (11th Cir. 2014) (appellate court is generally limited to reviewing arguments and issues that have been raised and decided in district court).

The United States concedes, however, that the district court failed to comply with *Clisby* with respect to three of Prozer's ineffective-assistance claims that are covered by the certificate of appealability. Prozer properly raised a constitutional claim that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger. Doc. 1 at 6–8; Doc. 2 at 13–17, 26–29, 32, 36–37, 39. Although the district court generally denied those claims, Doc. 81 at 1, 19, it did not explain the reasons for its decision, *see id.* at 1–19. Therefore, under *Clisby*, 960 F.2d at 938, and *Rhode*, 583 F.3d at 1291, this Court should vacate the district court's judgment without prejudice and remand this case to permit the district court to address those claims. *See Termitus v. Sec'y, Fla. Dept. of Corr.*, No. 15-10004, 2016 WL 3439013, *1 (11th Cir. June 23, 2016) ("The district court's statement at the end of its order that any of Termitus's allegations not specifically addressed

7

herein have been found to be without merit does not develop a record sufficient to show it complied with *Clisby*. This catch-all statement only summarily denied the claim [specified in the certificate of appealability] and gave no bases for its decision.") (internal brackets, quotation marks, and citation omitted). Because this Court will not consider the claims specified in Prozer's certificate of appealability in the first instance on appeal, *see Clisby*, 960 F.2d at 935, the United States will reserve for the remand proceeding its explanation of why those claims lack merit.

    Prozer also asks this Court to consider two additional purported *Clisby* violations that are not specified in the certificate of appealability. Prozer's brief at i–ii. Specifically, he asserts that the district court failed to resolve his claims that he had had a "conflict" with his trial counsel regarding the defense of this case and that the report concerning the interview of Krueger disclosed on the morning of trial had caused his counsel to urge him to plead guilty. *Id.* Although this Court has stated that it may construe a certificate of appealability to include a question that underlies the question specified in the certificate, *Hillary v. Sec'y, Dept. of Corr.*, 294 F. App'x 569, 570 (11th Cir. 2008), the additional purported *Clisby* violations identified by Prozer have no bearing on the narrow claims at issue here—whether Prozer's trial counsel rendered ineffective assistance by failing to file pretrial motions to dismiss the

indictment and to recuse Smith based on Prozer's purported vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger. Therefore, even if the district court failed to consider the additional claims identified by Prozer (a point the United States does not concede), this Court should not consider those claims because they are beyond the scope of the certificate of appealability.

     Finally, in his brief at 2, Prozer asks this Court to consider the information in a new affidavit signed by Prozer, which is attached to his brief as Exhibit B. Prozer signed the new affidavit on May 8, 2016, the same day that he served his brief, more than eight months after the district court had denied his section 2255 motion. *See* Prozer's brief (certificate of service; Exhibit B at 10); Doc. 81. So that affidavit is not part of the record on appeal, and this Court should not consider it. *See* Fed. R. App. P. 10(a) (record on appeal consists of original papers and exhibits filed in district court, any transcripts, and a certified copy of the district court's docket entries); *Turner v. Burnside*, 541 F.3d 1077, 1086 (11th Cir. 2008) ("We do not consider facts outside the record.").

9

## Conclusion

The United States requests that this Court vacate the district court's judgment without prejudice and remand this case so that the district court may address Prozer's previously raised constitutional claims that his trial counsel had rendered ineffective assistance by failing to file pretrial motions to dismiss the indictment and to recuse Smith based on Prozer's vindictive-prosecution theory and by failing to subpoena the text messages between Prozer and Krueger.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

LINDA JULIN MCNAMARA
Assistant United States Attorney
Deputy Chief, Appellate Division

By:  *s/ Peter J. Sholl*
PETER J. SHOLL
Assistant United States Attorney
Appellate Division
USA No. 082
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
peter.sholl@usdoj.gov

## Certificate of Service

I certify that a copy of this brief and the notice of electronic filing was sent by United States mail on February 22, 2017, to:

MICHAEL PROZER, III
Reg. No. 54552-018
FCI Jesup Satellite Low
2680 Hwy. 301 S.
Jesup, GA 31599

*movant-appellant, pro se*

                                          *s/ Peter J. Sholl*
                                          PETER J. SHOLL
                                          Assistant United States Attorney

gkpr no 2/15/17